■ In the Matter of the Claim of JEFFREY N. HALAS, Appellant. COMMISSIONER OF LABOR, Respondent. [746 NYS2d 71] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 2001, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, a porter and concierge at a hotel, was asked by an employee of one of the hotel's tenants to assist her in picking up a mail bin. When claimant responded that he worked on tips, the employee complained to claimant's supervisor. The supervisor, in turn, requested claimant to attend a meeting regarding the incident and informed him at the meeting that

he would be contacted following the completion of an investigation. When claimant failed to hear from the hotel after two days, he resigned from his position. The Unemployment Insurance Appeal Board found that claimant was disqualified from receiving unemployment insurance benefits on the ground, inter alia, that he voluntarily left his employment without good cause.

We affirm. It is well settled that leaving work in anticipation of being discharged does not constitute good cause entitling a claimant to unemployment insurance benefits (*see, Matter of Prusch [Shenendehowa Cent. School Dist.—Commissioner of Labor]*, 259 AD2d 877, 878, *lv denied* 93 NY2d 816; *Matter of Chatterton [Enesco Imports—Commissioner of Labor]*, 253 AD2d 978, 978; *Matter of Shabbir [Sweeney]*, 242 AD2d 820). Here, claimant admitted that he left his job before the hotel had completed its investigation and did so to avoid being terminated. Therefore, substantial evidence supports the Board's decision.

Cardona, P.J., Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.